1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID W.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

Case No. 3:19-cv-05513

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12      Plaintiff has brought this matter for judicial review of Defendant's denial of his

13  application for supplemental security income ("SSI") benefits.

14      The parties have consented to have this matter heard by the undersigned

15  Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16  MJR 13. For the reasons set forth below, the ALJ's decision is reversed and remanded

17  for further proceedings.

18                      I.      ISSUES FOR REVIEW

19      1.  Did the ALJ err in evaluating the medical opinion evidence?
        2.  Did the ALJ properly assess Plaintiff's testimony?

20                      II.      BACKGROUND

21      Plaintiff first filed applications for supplemental security income and disability

22  insurance benefits on June 5, 2012, alleging in both applications a disability onset date

23  of March 31, 2008. AR 313. Plaintiff's applications were denied upon initial

24
25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

1    administrative review and on reconsideration. *Id.* A hearing was held before

2    Administrative Law Judge ("ALJ") Gary Elliot on May 30, 2014. *Id.* On July 14, 2014,

3    ALJ Elliot issued a written decision finding that Plaintiff was not disabled. AR 310-28.

4    On August 5, 2015, the Social Security Appeals Council denied Plaintiff's request for

5    review. AR 334-40. On March 28, 2016, this Court issued an order affirming ALJ Elliot's

6    decision. AR 352-63.

7         Plaintiff filed a new application for SSI on September 2, 2014, again alleging a

8    disability onset date of March 31, 2008. AR 134, 476-82. Plaintiff's application was

9    denied initially and upon reconsideration. AR 134, 392-99, 403-08. A hearing was held

10   before ALJ S. Andrew Grace on June 29, 2017. AR 275-309. On April 16, 2018, ALJ

11   Grace issued a decision finding that Plaintiff was not disabled. AR 131-51. On April 9,

12   2019, the Appeals Council denied Plaintiff's request for review. AR 1-7.

13        Plaintiff seeks judicial review of the ALJ's decision. Dkt. 4.

14                           III.    STANDARD OF REVIEW

15        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

16   denial of Social Security benefits if the ALJ's findings are based on legal error or not

17   supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

18   F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

19   reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

20   *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

21                           IV.    DISCUSSION

22        In this case, the ALJ found that Plaintiff had the severe, medically determinable

23   impairments of degenerative disc disease; status post right total knee arthroplasty

24   surgery; left knee medial meniscus tear, status post left knee arthroscopy and partial

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1    medical meniscectomy surgeries; status post right rotator cuff repair; right tibial plateau

2    fracture, status post open reduction internal fixation ("ORIF"); status post left elbow

3    ulnar nerve transposition; obesity; depression; and anxiety. AR 137. The ALJ also found

4    that Plaintiff had a range of non-severe impairments. AR 137-38.

5        Based on the limitations stemming from these impairments, the ALJ found that

6    Plaintiff could perform a reduced range of sedentary work. AR 140-41. Relying on

7    vocational expert ("VE") testimony, the ALJ found that while Plaintiff could not perform

8    his past work, he could perform other sedentary, unskilled jobs at step five of the

9    sequential evaluation; therefore the ALJ determined at step five that Plaintiff was not

10   disabled. AR 150-51, 304-06.

11       A.   Whether the ALJ erred in evaluating the medical opinion evidence

12       Plaintiff maintains that the ALJ erred by not providing sufficient reasons for

13   discounting the occasional handling and fingering limitations assessed by examining

14   physician Gary E. Gaffield, D.O. Dkt. 13, pp. 4-7.

15       In assessing an acceptable medical source – such as a medical doctor – the ALJ

16   must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

17   either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

18   1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

19   849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

20   contradicted, the opinion can be rejected "for specific and legitimate reasons that are

21   supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing

22   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

23   499, 502 (9th Cir. 1983)).

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

1   Dr. Gaffield examined Plaintiff on September 8, 2017. AR 1474-87. Dr. Gaffield's
2   evaluation consisted of a review of the medical records and a physical examination.
3   Dr. Gaffield's examination of Plaintiff's hands revealed that Plaintiff was unable to
4   completely close his fists, had limited motion of his thumbs, and had sensory loss to
5   light touch and brush stroke in the fingers of both hands. AR 1484. Dr. Gaffield also
6   found that Plaintiff's grip strength in both hands to be 4/5. AR 1485.
7   Based on this evaluation, Dr. Gaffield issued a medical source statement
8   indicating that Plaintiff could stand and/or walk six hours in an eight-hour day, and
9   would have no sitting limitations. AR 1486. Dr. Gaffield added that Plaintiff could lift and
10  carry up to 50 pounds occasionally and 25 pounds frequently, and could occasionally
11  perform postural activities. *Id.* Dr. Gaffield stated that Plaintiff could perform
12  manipulative activities occasionally due to sensory loss and loss of dexterity in his
13  hands. *Id.* Dr. Gaffield further opined that Plaintiff should avoid working at heights or
14  around scaffolding, operating or working around heavy equipment, and navigating
15  irregular surfaces. AR 1487.
16  In a form attached to his evaluation, Dr. Gaffield offered a somewhat different
17  assessment of Plaintiff's functional limitations. In this form, Dr. Gaffield opined that
18  Plaintiff could stand and/or walk four hours in an eight-hour day, and sit for six hours.
19  AR 1475. Dr. Gaffield added that Plaintiff could lift and carry up to 50 pounds frequently.
20  AR 1474.
21  Dr. Gaffield further opined that Plaintiff could never reach overhead with his right
22  hand due to a limited range of motion in his right shoulder, but would otherwise have no
23  manipulative limitations. AR 1476. Dr. Gaffield found that Plaintiff could never climb
24
25

1   ladders or scaffolds, but could occasionally perform all postural activities. AR 1476-77.

2   Dr. Gaffield stated that Plaintiff could occasionally tolerate exposure to moving

3   mechanical parts, motor vehicles, and extreme could, but could never work at

4   unprotected heights. AR 1478.

5          The ALJ assigned "partial weight" to Dr. Gaffield's opinion, reasoning that while

6   Dr. Gaffield was familiar with Social Security regulations and had the opportunity to

7   examine Plaintiff, his opinion was: (1) internally inconsistent; and (2) inconsistent with

8   the medical record. AR 149-50.

9          With respect to the ALJ's first reason, an internal inconsistency can serve as a

10  specific and legitimate reason for discounting a physician's opinion. *See Morgan v.*

11  *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v.*

12  *Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of an internally

13  inconsistent medical opinion).

14         As discussed above, there are several inconsistencies between the limitations

15  contained in Dr. Gaffield's medical source statement and those included in the check

16  box form attached to his evaluation. Compare AR 1486-87, with AR 1474-78. In his

17  medical source statement, Dr. Gaffield opined that Plaintiff could perform all

18  manipulative activities occasionally -- and it is reasonable to infer this would include

19  handling and fingering -- due to sensory loss and loss of dexterity in his hands, a finding

20  broadly consistent with the results of his examination. AR 1486. But in the check box

21  form, Dr. Gaffield stated that Plaintiff could *continuously* handle and finger with both

22  hands, and opined that Plaintiff would have no manipulative limitations beyond being

23  unable to reach overhead with his right hand. AR 1476.

24

25

1    Where the evidence is susceptible to more than one rational interpretation, one

2    of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See*

3    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc.*

4    *Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999)).

5    Although it is possible that Dr. Gaffield might have mistakenly checked off fewer

6    manipulative limitations when completing the check box form than he actually meant to,

7    it is also reasonable to infer that the limitations indicated by Dr. Gaffield on this form are

8    a more accurate statement of his opinion concerning Plaintiff's limitations. Therefore,

9    multiple internal inconsistencies contained in his opinion permitted the ALJ to discount

10   the limitations Dr. Gaffield assessed concerning occasional handling and fingering.

11   In formulating Plaintiff's residual functional capacity ("RFC"), the ALJ found that

12   Plaintiff had a range of manipulative limitations broadly consistent with the results of Dr.

13   Gaffield's examination and incorporated the range of his contradictory opinions. AR

14   140-41; *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (even

15   when adopting a physician's opinion, an ALJ does not err by assessing RFC limitations

16   consistent with, but not identical to, those contained in the opinion).

17   Accordingly, the ALJ did not err in evaluating Dr. Gaffield's opinion.

18   B. Whether the ALJ erred in evaluating Plaintiff's testimony

19   Plaintiff contends that the ALJ erred by failing to give clear and convincing

20   reasons for discounting Plaintiff's symptom testimony his hand goes numb when holding

21   a telephone for even brief periods. Dkt. 14, pp. 7-8; AR 286.

22   In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

23   *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

24

25

there is objective medical evidence of an underlying impairment that could reasonably

be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

evidence of malingering, the second step allows the ALJ to reject the claimant's

testimony of the severity of symptoms if the ALJ can provide specific findings and clear

and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

*Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's symptom testimony concerning his physical impairments,

the ALJ reasoned that: (1) Plaintiff's allegations were inconsistent with his self-reported

activities of daily living; and (2) Plaintiff's impairments responded well to minimal,

conservative treatment. AR 146-48.

With respect to the ALJ's first reason, an ALJ may discredit a claimant's

testimony when the claimant reports participation in everyday activities indicating

capacities that are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec.*

*Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

However, disability claimants should not be penalized for attempting to lead

normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722

(9th Cir. 1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (noting that a

disability claimant need not "vegetate in a dark room" in order to be deemed eligible for

benefits).

Here, the ALJ found that Plaintiff was able to perform activities inconsistent with

his allegation that his hands go numb when gripping objects for brief periods, including

1  driving a car, riding a lawnmower and riding a motorcycle, all of which involve gripping

2  for extended periods. AR 147, 514, 536, 552, 943, 1021, 1049-50, 1147, 1209, 1482.

3        The ALJ did not discuss Plaintiff's allegations concerning his hands in detail

4  when evaluating his testimony. It is unnecessary for the ALJ to "discuss all evidence

5  presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.

6  1984) (citation omitted) (emphasis in original). However, an ALJ "may not reject

7  'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562,

8  570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)

9  (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).

10        Beyond Plaintiff's brief allegation at the hearing, and Dr. Gaffield's opinions,

11  which the ALJ properly discounted as internally inconsistent, Plaintiff otherwise denied

12  any functional difficulties with his hands, despite alleging a range of other physical

13  limitations. AR 516, 538, 554.

14        Plaintiff contends that he is not alleging that he cannot use his hands at all,

15  merely that it became difficult to do so over time, and that his ability to ride a motorcycle

16  is consistent with Dr. Gaffield's opinion that he could handle and finger occasionally.

17  Dkt. 15, p. 2. For the reasons discussed above, the ALJ has properly discounted Dr.

18  Gaffield's internally inconsistent opinion. *See supra* Section IV.A.

19        Further, during the hearing, Plaintiff asserted his hands go numb after holding a

20  telephone for fewer than five minutes; this would be inconsistent with other evidence in

21  the record about his use of both hands – evidence that shows he has the ability to ride a

22  lawnmower, drive a car, and ride a motorcycle, all of which typically involve gripping

23  handlebars or a steering wheel for more than five minutes. AR 286; *Batson v. Comm'r*

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

*of Soc. Sec. Admin.*, 359 F.3d 1190,1196 (9th Cir. 2004) (An ALJ may discount a

claimant's symptom allegations by pointing to "contradictions in the claimant's own

testimony about [her] activities of daily living."); *Orn v. Astrue*, 495 F.3d 625, 639 (9th

Cir. 2007) (noting that an ALJ may cite a claimant's activities of daily living as a reason

for discounting symptom testimony when the claimant's participation in those activities

contradict the claimant's other testimony).

Accordingly, the ALJ did not err in evaluating Plaintiff's testimony.

C.  <u>Additional evidence</u>

The record contains evidence submitted by Plaintiff after the ALJ issued his

decision. AR 8, 21--130, 158-181-274. The Appeals Council denied review of Plaintiff's

claim and decided to not exhibit this evidence, because either it did not relate to the

period at issue or it did not show a reasonable probability of changing the outcome. AR

2.

This Court must consider this additional material in determining whether the

ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of

Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence

for the first time to the Appeals Council, which considers that evidence in denying

review of the ALJ's decision, the new evidence is part of the administrative which the

district court must consider in determining whether the Commissioner's decision is

supported by substantial evidence).

While much of this evidence was generated after the ALJ issued his decision on

April 16, 2018, some of it was issued shortly thereafter, and includes evidence relevant

to the period at issue. For example, examining physician Brian Lear, M.D., on April 30,

2018, assessed a range of work-related physical limitations potentially consistent with a finding of disability; Dr. Lear's opinion states those limitations relate back to March 2008. AR 46-48. And, clinical psychologist Kimberly Wheeler, Ph.D., who examined Plaintiff on May 3, 2018 has opined that Plaintiff would have a range of marked mental limitations. AR 40-44. In her assessment, Dr. Wheeler notes that she reviewed a previous psychological evaluation from June 2012, and she notes Plaintiff states "he began getting depression after being injured in 2008". AR 41.

### D. Remand for Further Proceedings

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 13, p. 9. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

1  *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

2  2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element

3  is satisfied, the district court still has discretion to remand for further proceedings or for

4  award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

5        Here, additional evidence submitted after the ALJ issued his decision, relating

6  back to the period at issue, indicates that the ALJ's decision may not be supported by

7  substantial evidence. There remains significant doubt concerning whether the ALJ

8  would be required to find Plaintiff disabled on remand. *See Garrison v. Colvin*, 759 F.3d

9  995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further proceedings

10  when the record as a whole creates "serious doubt" as to whether the claimant is

11  disabled within the meaning of the Social Security Act.). Accordingly, remand for further

12  proceedings is the appropriate remedy.

13  CONCLUSION

14        Based on the foregoing discussion, the Court finds there is new information

15  about Plaintiff's conditions and limitations, and it must be considered by the ALJ; the

16  ALJ erred when she found Plaintiff to be not disabled. Defendant's decision to deny

17  benefits is therefore REVERSED and this matter is REMANDED for further

18  administrative proceedings. The ALJ is directed to re-open the record, and assess the

19  additional evidence on remand.

20                                       Dated this 14th day of October, 2020.

21

22                                       Theresa L. Fricke
                                     United States Magistrate Judge

23

24

25